United States District Court

Eastern District of California

Anthony Turner,

    Petitioner,

vs.

James Yates, Warden,

    Respondent.

No. Civ. S 03-2248 DFL PAN P

Findings and Recommendations

-oOo-

Petitioner filed a petition for a writ of habeas corpus challenging a 1998 conviction for possessing an illegal substance. Respondent[1] moves to dismiss upon the ground the application contains challenges to the conditions of petitioner's confinement that are unexhausted. Petitioner opposes.

Habeas corpus is the remedy available for a prisoner seeking release from custody and a civil rights action is the remedy for a prisoner challenging the conditions of his confinement.

---

[1] James Yates is substituted as respondent. See Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

Preiser v. Rodriguez, 411 U.S. 475 (1973).  When a prisoner evinces a clear intent to state a habeas claim, the district court should treat his pleading as a habeas petition.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Where a prisoner alleges some grounds for habeas relief and others for civil rights violations, the court should dismiss the civil rights claims without prejudice and permit the petitioner to return to state court with any unexhausted habeas claims. Trimble, 49 F.3d at 586.

In his pleading, petitioner makes the following claims: (1) the prosecution was in retaliation for his appeal of a sentencing error related to a different conviction; (2) enhancing his sentence using a 21-year old burglary conviction obtained through plea bargaining violated due process; (3) enhancing his sentence using remote convictions violated state law; (4) corrections officials improperly have extended petitioner's sentence by unjustifiably disciplining him and revoking good time credits; (5) petitioner's sentence constitutes cruel and unusual punishment; (6) the trial court relied on an inapplicable statute to enhance petitioner's sentence; (7) petitioner has been subjected to unconstitutional conditions of confinement and denied constitutionally adequate medical care during his extended imprisonment.

Claim seven contains a litany of allegations concerning the conditions of his confinement and should be dismissed without prejudice.  See Trimble.

For these reasons, respondents' March 14, 2005, motion to dismiss should be granted in part and claim seven should be dismissed without prejudice, and respondents should be directed to file and serve an answer to the petition within 30 days.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Written objections may be filed within 20 days of service of these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: June 2, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge