IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

    Petitioner,                    No. CIV S-03-2248 DFL PAN P

    vs.

JAMES YATES,

    Respondent.               FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner seeking relief pursuant to 28 U.S.C. § 2254.[1] On September 16, 2005, petitioner filed a motion for a temporary restraining order and a preliminary injunction. Since he seeks an order declaring his sentence illegal and directing his immediate release from custody, the court construes it as a request for enlargement on bail pending resolution of the petition.

                         Standard for Bail Pending Collateral Review

        It is firmly established that it is within the inherent power of a district court to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus. See e.g., In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975); United States ex

---

[1] Petitioner has already been informed that this action can only be dealt with as a petition for habeas corpus under 28 U.S.C. Section 2254. In spite of that information he continues to refer to it as an action brought under 42 U.S.C. Section 1983. This court will continue to analyze this action, as it must, as a petition for habeas corpus brought under Section 2254.

1  rel. Thomas v. New Jersey, 472 F.2d 735, 743 (3d Cir.), cert. denied, 414 U.S. 878 (1973);

2  Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam).  However, the bail standard

3  for a person seeking collateral review is markedly different from the standard applied to a pretrial

4  detainee.  Persons accused of crimes and awaiting trial are presumed innocent and thus enjoy an

5  Eighth Amendment right to be free from excessive bail.  Stack v. Boyle, 342 U.S. 1, 4 (1951).  In

6  contrast, a habeas corpus petitioner requesting postconviction relief has already been convicted

7  and thus is no longer presumed innocent and no longer enjoys a constitutional right to freedom,

8  however conditional.  Aronson v. May, 85 S. Ct. 3 (1964) (Douglas, J., in chambers); Glynn v.

9  Donnelly, 470 F.2d 95, 98 (1st Cir. 1972).

In a Ninth Circuit case decided prior to Aronson, it was held that:

> It would not be appropriate for us at this stage of the proceeding to enlarge this petitioner on bail even if we found that the allegations of his petition for habeas corpus made out a clear case for his release.  Something more than that is required before we would be justified in granting bail.  (Emphasis added.) (Footnote omitted.)

Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964).  In Aronson, which cites the Ninth Circuit's decision in Benson, an applicant requested bail pending appeal from the denial of his petition for writ of habeas corpus.  Justice Douglas set forth the following guidelines for determining when a habeas corpus petitioner could be released on bail:

> In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice.  See Benson v. California, 328 F.2d 159 (9th Cir. 1964).

Aronson, 85 S. Ct. at 5 (emphasis added).  Thus, Aronson requires a petitioner to demonstrate that his underlying claim raises substantial questions and that his case presents exceptional circumstances.[2]

---

[2] But see Land v. Deeds, 878 F.2d 318 (9th Cir. 1989) (defining test as requiring *either* special circumstances *or* a high probability of success) (citing Aronson v. May, 85 S. Ct. 3, 5 (1964)).  Although the test in Land appears to be different because it requires either special circumstances *or* a high probability of success, whereas Benson appears to require both prongs, Land was not an *en banc* decision, and cannot overrule another

Moreover, a number of cases interpreting the first test of the Aronson analysis have required that petitioner's claims be more than substantial.  See, e.g., Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974) (per curiam) (bail should be granted to a military prisoner pending post-conviction relief only when petitioner raises substantial constitutional claims upon which he has a high probability of success and when extraordinary or exceptional circumstances exist); Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972) (court will not grant bail unless petitioner presents not only a clear case on the law but a readily apparent case on the facts); see also Richardson v. Wilhelm, 587 F. Supp. 24, 25 (D. Nev. 1984); Monroe v. State Court of Fulton County, 560 F. Supp. 542, 545 (N.D. Ga. 1983).

Courts also have narrowly construed the second test of the Aronson analysis; namely, that petitioner show that his case presents exceptional circumstances justifying relief. See Calley, 496 F.2d at 702.  Exceptional circumstances may be found and, in the court's discretion, warrant a petitioner's release on bail where:  (1) petitioner's health is seriously deteriorating while he is incarcerated, Woodcock v. Donnelly, 470 F.2d 93 (1st Cir. 1972) (per curiam); Johnston v. Marsh, 227 F.2d 528 (3rd Cir. 1955); (2) there is an extraordinary delay in the processing of a petition, Glynn, 470 F.2d at 95; and (3) the petitioner's sentence would be completed before meaningful collateral review could be had, Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968) (bail granted where court concluded petitioner should present claims to state courts, despite state courts' precedents denying relief for his claim, and feared petitioner's sentence would run before exhaustion could be completed); see also Goodman v. Ault, 358 F. Supp. 743 (N.D. Ga. 1973).

Petitioner challenges his conviction and sentence with the following claims:  (1) the prosecution was in retaliation for his appeal of a sentencing error related to a different conviction; (2) enhancing his sentence using a 21-year old burglary conviction obtained through

---

panel.  Possibly, Land's use of the word "or" was inadvertent.  Therefore, Benson remains good law especially in light of Aronson.

plea bargaining violated due process; (3) enhancing his sentence using remote convictions violated state law; (4) corrections officials improperly have extended petitioner's sentence by unjustifiably disciplining him and revoking good time credits; (5) petitioner's sentence constitutes cruel and unusual punishment; (6) the trial court relied on an inapplicable statute to enhance petitioner's sentence.

Petitioner has not demonstrated either a high probability of success on the merits or exceptional circumstances.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's September 16, 2005, motion for bail pending resolution of this action be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, petitioner may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 24, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\turn2248.dny release

4