IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY TURNER,

    Petitioner,                     No. CIV S-03-2248 DFL PAN P

    vs.

JAMES YATES, Warden,

    Respondent.                  ORDER

_____/

        Petitioner is a state prisoner proceeding in propria persona and informa pauperis with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his February 23, 1998 conviction in Amador County, California, for illegal possession of a controlled substance and enhancements imposed thereon.[1]

        This matter was referred to the assigned magistrate judge to determine whether petitioner seeks to stay this action pending his return to state court to exhaust available state

---

[1] This action is challenging a 1998 conviction where collateral challenges were concluded on August 29, 2001. (See In re Turner, S098704 (California Supreme Court), attached to Resp'ts.' March 14, 2005 Motion to Dismiss, at 33.) The instant petition was "filed" in federal court on October 18, 2003. Houston v. Lack, 487 U.S. 266, 270-72, 275 (1988)(the situation of pro se prisoners seeking to meet court deadlines is unique; thus, a document may be "filed" on the date that it is given by an inmate to prison authorities for mailing).

1 remedies with respect to petitioner's fourth claim[2] or to amend the instant petition to omit the
2 unexhausted fourth claim. (November 14, 2005 Order at 2.)

3     The operative petition was filed on May 18, 2004. (See November 10, 2004
4 Order; March 14, 2005 Motion to Dismiss at 3.) This amended petition contains surplusage
5 concerning various conditions of confinement claims regarding allegations that took place at
6 Corcoran State Prison.[3] Those conditions of confinement claims were dismissed without
7 prejudice by the district court on November 14, 2005. Good cause appearing, the May 18, 2004
8 amended petition will be dismissed and petitioner will be granted leave to file a second amended
9 petition. However, petitioner is cautioned that he shall omit all claims concerning conditions of
10 confinement.

11     In the second amended petition, petitioner shall raise only claims relevant to his
12 February 23, 1998 conviction. Petitioner shall file his second amended petition on the form
13 provided by the court. Petitioner shall only include a short and plain statement of each of his
14 claims; no exhibits are required.[4]

15     Petitioner will be directed to file his second amended petition within thirty days.
16 Respondents will be directed to file a responsive pleading within thirty days thereafter.

17     In light of this order, petitioner's October 6, 2005, November 28, 2005 and April
18 10, 2006 requests will be denied without prejudice.

---

[2] Petitioner's fourth claim was characterized as "corrections officials improperly have extended petitioner's sentence by unjustifiably disciplining him and revoking good time credits." (June 3, 2005 Findings and Recommendations at 2.)

[3] Petitioner has several civil rights actions containing allegations concerning conditions of confinement at Corcoran State Prison pending in the Fresno Division of the Eastern District of California. See CIV F-05-0695 AWI LJO; CIV F-06-0051 AWI SMS; CIV F-06-0332 OWW DLB. A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[4] Petitioner is advised that this admonition includes copies of state court filings. The record now contains copies of all of the petitions filed in the California Supreme Court as well as copies of the orders denying those four petitions. (Case Nos. S078509, S097467, S098704 and S126188.)

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's May 18, 2004 amended application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order.

2. Any second amended petition must bear the case number assigned to this action and the title "Second Amended Petition."

3. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

4. Respondents are directed to file a response to petitioner's habeas second amended petition within thirty days from the date of this order.  See Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.  See Rule 5, Fed. R. Governing § 2254 Cases.

5. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

6. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days thereafter.

7. Petitioner's October 6, 2005, November 28, 2005 and April 10, 2006 requests are denied without prejudice.  (Docket Nos. 39, 41, 46, 47 & 48.)

DATED: August 24, 2006.

UNITED STATES MAGISTRATE JUDGE

\001; turn2248.lta